### BROWN v. CUOZZO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SALES—EVIDENCE—SUFFICIENCY.

Evidence that defendant tried to hire a sleigh, and, plaintiff being reluctant to let it go, said that "if he would break it he would pay for it," and repeated that he would like to "hire" the sleigh, and that finally plaintiff said he could take the sleigh, and told him to bring it back in good condition, did not establish a contract on defendant's part to purchase the sleigh in case of damage, but merely to pay for the injuries.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by Benjamin Brown against George Cuozzo. From a judgment of the Municipal Court for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John J. Freschi, for appellant.
John G. Clark, for respondent.

WILLARD BARTLETT, J. This is an action for the purchase price of a sleigh, which the plaintiff alleges was hired from him by the defendant upon an agreement to buy the same if he should break it while using it. The defendant admitted the hiring, but denied the alleged agreement to purchase in case he injured the sleigh. As matter of fact, the defendant did damage the sleigh, and he recognized his obligation to return it in the same condition as when he received it. To this end he caused it to be repaired, and sent it to the plaintiff, who refused to take it back. The issue litigated upon the trial was the question whether the minds of the parties ever met in a contract of sale conditional upon injury to the sleigh while in the hands of the defendant. Upon this issue the jury found in favor of the plaintiff, and the defendant has appealed both from the judgment entered upon the verdict and from an order denying his motion for a new trial, as he is authorized to do under section 257 of the New York Municipal Court Act (Laws 1902, p. 1563, c. 580).

I am unable to find anything in the testimony introduced in behalf of the plaintiff sufficient to support a finding that the defendant ever agreed to buy the sleigh which he hired from the plaintiff. It seems to me that the plaintiff ought to have been nonsuited on this ground, and there is nothing in the testimony for the defense which helps out his case in this respect. It is not necessary to set out in full here the plaintiff's account of the transaction as it appears in the min-

utes. It is sufficient to say that his testimony contains no statement of fact from which it can fairly be inferred that the defendant ever assented to his demand that the transaction should be deemed a sale if the sleigh was broken. After the plaintiff had said, "A fifty dollar note will take the sleigh," and the defendant had said, "I don't want to buy," the plaintiff remarked, "I don't want to let the sleigh go out; I know how you young fellows are with fast horses." Thereupon, according to the plaintiff, the defendant "said if he would break it he would pay for it." This could not have meant that the defendant would pay for the sleigh as upon a purchase. It was merely a declaration that he would pay for any injury which might be inflicted upon the vehicle while in his possession. That this is the true construction of the plaintiff's statement is apparent from the continuation of his testimony, as follows: "He hung around the office, and he said, 'Mr. Brown, I would like to have the sleigh to hire it from you,' and I said, 'I don't hire out,' and then I said, 'As you are so anxious to have a sleigh ride, go take the sleigh, and have a ride, and bring it back in good condition,' and he went home, went away, and I even loaned him my string of bells." No doubt the defendant is liable, in a proper action, to respond for any damages inflicted upon the sleigh while it was in his custody; but this suit is based solely upon the allegation that there was a sale, and, as the proof wholly fails to establish that allegation, the defendant's motion for a new trial should have been granted.

Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.